Salvatore FARACI,

v.

Charles L. BRIEANT, United States Judge, John T. Elfvin, United States Judge, John T. Curtin, United States Judge.

Civ. No. 82–277.

United States District Court, W.D. New York.

June 2, 1982.

Salvatore Faraci, pro se.

## MEMORANDUM DECISION AND ORDER

TELESCA, District Judge.

By his *pro se* complaint (Civ. # 82–277) submitted March 26, 1982 plaintiff charges the defendants (United States District Court Judges) with having violated his constitutional and civil rights and prays for over Three Million Dollars in damages. Plaintiff also moves for an order "disqualifying" this Court from hearing this action and to transfer the complaint to "an out-of-district judge".

This particular complaint is just one in a long series of legal actions the plaintiff has filed in this Court beginning in 1973. The claim underlying all of plaintiff's lawsuits is the allegation that his former employer, the Hickey-Freeman Company, committed employment discrimination in violation of the Civil Rights Act of 1964, which issue was tried in November of 1977 before United States Magistrate Edmund F. Maxwell. The Magistrate issued his report on April 14, 1978, at which time he recommended dismissal of the plaintiff's employment discrimination claim. His report and recommendations were confirmed by order of Chief Judge Curtin on May 15, 1978. Plaintiff then appealed the dismissal of the Title VII action to the United States Court of Appeals for the Second Circuit which, by order issued September 28, 1979, affirmed the dismissal of the discrimination claim.

The plaintiff has responded to the dismissal of his Title VII claim by initiating numerous actions against the Judges of this Court as well as several Justices on the Second Circuit Court of Appeals. These complaints invariably allege that the Judges named as defendants have engaged in a "concerted conspiracy" to deny plaintiff "due process of law", "equal protection under the law", as well as various violations of "constitutional and civil rights". The institution of these actions became so repetitive that Chief Judge Curtin of this Court, by order dated April 13, 1981 directed that:

> Salvatore Faraci shall *not* institute any further actions in the United States District Court for the Western District of New York against the defendants based on any matter set forth in the complaint (Civ. 79–1018, Civ. 73–391, Civ. 80–1170). A violation of this order may constitute contempt of this Court and will be dealt with accordingly.

Having never previously had the opportunity to decide any of the plaintiff's prior actions, I have carefully reviewed the plaintiff's complaint, motion papers and supporting documents. This Court is also cognizant of the well-advised judicial doctrine

counseling court tolerance of *pro-se* complaints. See *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless, there comes a point where a plaintiff, by continuing to file complaints arising out of the same facts, can no longer be viewed as availing himself of his constitutional right to be heard, but instead is simply abusing the judicial process and wasting valuable court time and resources. In view of the prolonged history of this litigation, the numerous and related actions the plaintiff has filed in this Court, and the exceedingly generous consideration and patience afforded by the members of this Court to the plaintiff, it would be an understatement to say that Mr. Faraci has not had his day in court. See *O'Brien v. Sinatra,* 315 F.2d 637 (9th Cir.1963). Chief Judge Curtin has expressly ordered that the plaintiff not initiate any more actions in this Court related to his employment discrimination claim or the judicial officers who heard that claim. Yet this is precisely what the plaintiff has attempted to do in the instant action.

Accordingly, in view of the previous decisions of this Court, and the inherent authority of this Court to protect the integrity of its orders, the Clerk is directed to enter judgment dismissing this action with prejudice and without costs. Fed.R.Civ.P. 41(b).

Since plaintiff's claims are without merit and frivolous, he is denied permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(d).

ALL OF THE ABOVE IS SO ORDERED.