865 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Syed Arshad HASAN, Plaintiff-Appellant,
v.
WAXXIS INVESTMENT N.V., a Netherlands Antilles Corporation,
Defendant-Appellee.
 No. 88-5603.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Syed Arshad Hasan moves for counsel and in forma pauperis status. He brought this action for breach of contract, claiming that the defendant Waxxis Investment N.V. owed him $4,158,000 for labor, salary, expenses, commission and interest. The district court initially granted Hasan a default judgment. The court subsequently set aside the entry of default, and sua sponte dismissed the case for failure to comply with the Federal Rules of Civil Procedure and for lack of jurisdiction. Hasan then filed a motion to reconsider which the court denied for failure to establish personal jurisdiction over the defendant.
 
 
 3
 Upon review, we conclude that the complaint was properly dismissed. The district court has an obligation to ascertain the existence of its own subject matter jurisdiction. In re Rini, 782 F.2d 603 (6th Cir.1986). Moreover, the plaintiff in a civil action has the duty to state the grounds upon which the jurisdiction of the court depends. Fed.R.Civ.P. 8(a)(1); Walls v. Waste Resource Corp., 761 F.2d 311, 317 (6th Cir.1985). Even when liberally construed, see e.g., Haines v. Kerner, 404 U.S. 519 (1972), the complaint does not contain sufficient allegations to establish subject matter jurisdiction or personal jurisdiction over the defendant.
 
 
 4
 Accordingly, the motions for counsel and for in forma pauperis status are denied and the district court's order dismissing the action sua sponte for lack of jurisdiction is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.