979 F.2d 849
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence Edward BROWN, Jr., Defendant-Appellant.
 No. 92-6764.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 26, 1992.
Decided Nov. 9, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro, Nos. CR-87-111-G, CA-89-520-G, CR-87-112-G, CR-87-113-G, CR-87-114-G; Frank W. Bullock, Jr., Chief District Judge.
 Lawrence Edward Brown, Jr., appellant pro se.
 Paul Alexander Weinman, Asst. U.S. Atty., Greensboro, N.C., for appellee.
 M.D.N.C.
 VACATED AND REMANDED.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and WIDENER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In August 1987 Lawrence E. Brown was sentenced to thirty years in prison and ordered to pay $33,749.35 in restitution for his convictions for four bank robberies.[1] In 1992 Brown moved for relief in the district court pursuant to 28 U.S.C. § 2255 (1988).[2] Brown sought relief from the restitution portion of his sentences. The district court denied relief, and Brown timely noted an appeal.
 
 
 2
 The record does not reveal whether the required findings of fact regarding Brown's financial resources or earning ability were made at the time of sentencing. The record does reveal that no such findings have been made since sentencing. In United States v. Bruchey, 810 F.2d 456 (4th Cir.1987), this Court required district courts to make such findings before ordering restitution. Bruchey was decided prior to Brown's sentencing. Brown was and is entitled to findings of fact pertaining to restitution as required by Bruchey. Because the record does not reveal whether such findings have been made, we vacate the district court's denial of Brown's § 2255 motion. On remand the district court should first determine whether the required factual findings were made, in which case the § 2255 motion may be properly denied. If the required findings were not made, the district court should make such findings and proceed accordingly.
 
 
 3
 The district court's order is vacated and the matter remanded for the appropriate findings of fact. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 VACATED AND REMANDED.
 
 
 
 [1]
 18 U.S.C. § 2113(a) (1988)
 
 
 [2]
 Brown's motion was styled as one pursuant to 18 U.S.C. § 3664 (1988). This Court, however, liberally construes pro se pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972). Because Brown states a claim cognizable under § 2255, we construe his motion appropriately