F I L E D
**United States Court of Appeals
Tenth Circuit**

**FEB 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOMMY J. KOLB,

        Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS and WYOMING
ATTORNEY GENERAL,

        Respondents - Appellees.

No. 99-8033

(D. Wyoming)

(D.C. No. 97-CV-288-J)

**ORDER AND JUDGMENT** *

Before **KELLY** , **ANDERSON** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Tommy Kolb, a pro se Wyoming state prisoner, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 motion. Mr. Kolb was convicted in Wyoming state court of first degree murder and aggravated kidnaping and was sentenced to two consecutive life terms. The Wyoming Supreme Court affirmed his convictions on December 20, 1996. The state district court denied his application for post-conviction relief and the Wyoming Supreme Court denied his petition for review.

Mr. Kolb filed his federal 28 U.S.C. § 2254 petition for a writ of habeas corpus on December 4, 1997, alleging that (1) the state trial court abused its discretion by refusing to allow expert testimony on the defense theory of the case, (2) the trial court erred by failing to suppress the statements made by Kolb that were obtained in violation of his constitutional rights, (3) the trial court erred by admitting hearsay testimony of Carl Haler, (4) the evidence was insufficient to support a conviction for first degree murder, (5) he was denied effective assistance of counsel due to trial counsel's deficient performance, and (6) he was denied the right to a full and fair direct appeal from his convictions due to trial counsel's ineffectiveness, mistakes, and deficient performance. Issues 1 to 5 were the identical issues that the Wyoming Supreme Court rejected. In a detailed, well-reasoned opinion, the district court rejected Kolb's contentions and denied his petition for writ of habeas corpus and for a certificate of appealability.

On appeal, Kolb raises the same issues and makes the same arguments that he presented to the district court, arguing that the district court erred in not granting him relief. He also contends that the district court erred by not holding an evidentiary hearing. After careful review of the materials submitted by Kolb and construing his complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we conclude that the analysis and conclusions set forth in the district court's decision are correct.

Regarding the evidentiary hearing claim, Kolb is entitled to a hearing only if there is a factual dispute and if he did not receive a full and fair evidentiary hearing in a state court. See Miller v. Champion, 161 F.3d 1249, 1252-53 (10th Cir. 1998). Mr. Kolb's arguments were thoroughly considered by the state courts. Further, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Following our review, we agree with the district court that the issues raised by Kolb were properly resolved on the basis of the record and the law and, as such, an evidentiary hearing was not required. See Castro v. Ward, 138 F.3d 810, 832 (10th Cir. 1998).

Because Kolb has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY the request for a certificate of appealability and DISMISS the appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge