United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10561

GREGORY D. ROWE,

Plaintiff-Appellant,

versus

KELVIN BLANTON,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-179-A

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gregory D. Rowe moves this court for leave to proceed in forma pauperis ("IFP") in this appeal from the district court's dismissal of Rowe's discrimination suit brought pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 et seq. The district court dismissed the suit for failure to prosecute when Rowe failed to pay the filing fee after the court determined that Rowe should not be granted IFP status.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rowe's motion for IFP and appellate brief fail to address the district court's rationale for dismissing the suit.  Although this court liberally construes pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  By failing to discuss the district court's rationale for dismissing his complaint, Rowe has abandoned the issue, and it is the same as if he had not appealed the judgment.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Because Rowe has failed to demonstrate that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP is denied.  See FED. R. APP. P. 24(a); Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).  Rowe's motion for appointment of counsel is also denied.  The appeal is without merit and is dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

MOTION FOR IFP DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED.