**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR SCULL,

Defendant - Appellant.

No. 05-2061

(D. New Mexico)

(D.C. No. CIV-04-636 BB/LFG)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Oscar Scull was found guilty by a jury on various charges relating to the

manufacture, possession, and distribution of crack cocaine, including a conspiracy charge.

We affirmed his conviction on direct appeal. *United States v. Scull*, 321 F.3d 1270 (10th

Cir. 2003), *cert denied sub nom. Bono v. United States*, 540 U.S. 864 (2003). On June 4,

2004, Mr. Scull filed a motion for relief under 28 U.S.C. § 2255 in the United States

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. The
court generally disfavors the citation of orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

District Court for the District of New Mexico. The district court referred the motion to a magistrate judge who, after thoroughly examining each of Mr. Scull's claims, issued an exhaustive and well-reasoned recommendation that the motion be denied. The district court, overruling Mr. Scull's objections, adopted the magistrate judge's recommendation and denied the motion. It also denied his application for a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1)(B), but granted his petition to proceed *in forma pauperis*. Mr. Scull now seeks a COA from this court.

Liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), Mr. Scull's pro se request for a COA and supporting brief raise five issues. He alleges four instances of ineffective assistance of counsel: failure to object that there was insufficient evidence independent of the co-conspirator statements to connect him to the alleged conspiracy; failure to object that the admitted co-conspirator statements lacked sufficient indicia of reliability, as required by *Ohio v. Roberts*, 448 U.S. 56 (1980); failure to object to the district court's subject-matter jurisdiction; and failure to object to the validity of the search warrant issued by a magistrate judge. He also directly challenges the district court's subject-matter jurisdiction. Because jurists of reason would not find debatable the district court's assessment of Mr. Scull's claims, we deny the application and dismiss the appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where

-2-

a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of the merits." *Id.*

To establish that his counsel was ineffective, Mr. Scull must show both "that counsel's representation fell below an objective standard of reasonableness" and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Our review of counsel's performance is "highly deferential" to avoid the distortion of hindsight and we presume that counsel was effective unless the defendant shows otherwise. *Id.* at 690. Finally, we have noted that counsel is not constitutionally ineffective for failing to raise issues devoid of merit. *United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995). We agree with the district court that Mr. Scull has failed to satisfy *Strickland's* demanding standard.

Mr. Scull's first objection is that his attorney was ineffective because she did not argue that there was insufficient evidence independent of the co-conspirators statements to connect him to the alleged conspiracy. Co-conspirator statements may be properly admitted if "[t]he court determine[s] that (1) by a preponderance of the evidence, a

conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy." *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994). Mr. Scull's trial counsel requested and the district court held a *James* hearing, *see United States v. James*, 590 F.2d 575 (1979), to determine whether the coconspirator statements could be admitted under Fed. R. Evid. 802(d)(2)(E). At the hearing Mr. Scull's counsel objected to the admission of several pieces of independent evidence: a government agent's testimony that he purchased crack cocaine from Mr. Scull in the presence of a co-conspirator; drugs found in a bedroom of Mr. Scull's house at the time another co-conspirator was renting that room; and evidence found in Mr. Scull's trash that was consistent with manufacturing cocaine and was contaminated with cocaine residue. Trial counsel adequately objected to the sufficiency of the evidence of a conspiracy, and the trial court properly overruled the objections. Counsel's performance was neither deficient nor prejudicial.

There is also no merit to the claim that his counsel was ineffective for failing to object that the co-conspirator statements lacked sufficient indicia of reliability, as required by *Roberts*. The applicable authority for co-conspirator statements is not *Roberts*, but *United States v. Inadi*, 475 U.S. 387, 392-96 (1986), and the *Inadi* requirements were satisfied.

Mr. Scull's claims relating to the district court's subject-matter jurisdiction are likewise meritless. Mr. Scull claims that his counsel should have objected to the district court's subject-matter jurisdiction and he also directly challenges that jurisdiction in this proceeding. His arguments as to why the district court lacked jurisdiction are unclear, but he appears to assert that it lacked both constitutional and statutory jurisdiction. He argues that the former is lacking because the statutes of conviction exceeded Congress's legislative power under the Commerce Clause, and the latter is lacking because Congress did not preempt state regulation of drug trafficking and the district court therefore assumed jurisdiction in derogation of the states' general police powers. The Supreme Court recently reaffirmed that the drug trafficking laws are within Congress's power to regulate interstate commerce. *Gonzalez v. Raich*, 125 S.Ct. 2195 (2005). As for the arguments regarding preemption and the general police power of the states, Mr. Scull forgets that overlapping regulation between two sovereigns is not necessarily in derogation of either. Our Constitution allows both sovereigns to punish the same conduct. *See United States v. Andersen*, 940 F.2d 593, 596 (10th Cir. 1991). Counsel was not ineffective for failing to raise meritless objections to the district court's subject-matter jurisdiction.

Finally, Mr. Scull asserts that his counsel was ineffective for not challenging the execution of a search warrant. His only discernable argument is that the warrant was constitutionally defective because the magistrate judge lacked jurisdiction to issue it.

According to Mr. Scull, allowing a magistrate judge to issue search warrants violates separation-of-powers principles because a magistrate judge is not an Article III judge. Federal Rule of Criminal Procedure 41(b)(1)(a) vests authority to issue search warrants in magistrate judges. Although it is true that magistrate judges are not Article III judges, we fail to see how this fact implicates the separation of powers, and we are aware of no authority contrary to the longstanding practice of permitting non-Article III judges to issue warrants. Mr. Scull's argument is meritless.

Because Mr. Scull fails to raise a claim that reasonable jurists would find debatable, we DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge