**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 26, 2005**

**TENTH CIRCUIT**

CLIFTON CARTER,

      Plaintiff - Appellant,

vs.

DONALD ED PAYNE, Individually;
ESTATE OF PERRY HARKDIDER,
Individually and officially; RICHARD
D. AMATUCCI, Individually; PAUL
G. HESS, Individually and officially;
SCOTT M. ANDERSON, Individually;
RALPH MECHAM, Individually and
officially; HOPPY DENNISON,
Individually and officially; DENNIS
BRYANT, Individually and officially;
DEB PICKERING, Individually and
officially; KEVIN WILSON,
Individually and officially;
MARGARET GROVE, Individually
and officially; JOE CANTRELL,
Individually and officially; DAN
GREISAN, Individually and officially,

      Defendants - Appellees.

No. 05-7025
(D.C. No. CIV-03-697-WH)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

Plaintiff-Appellant Clifton Carter, an inmate appearing pro se, appeals from the dismissal of his civil rights complaint alleging that various state and federal officials violated his constitutional rights as a result of a search warrant executed in 1990. The fruits of that search were later used in criminal proceedings which led to his incarceration. The district court dismissed the complaint for failure to state a claim on which relief could be granted because Mr. Carter's underlying criminal conviction had not been declared invalid and any relief in this suit for damages would necessarily imply its invalidity. Fed. R. Civ. P. 12(b)(6); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Mr. Carter contends that the warrant served lacked an affidavit and the signature of the authorizing magistrate judge was forged. In addition, Mr. Carter alleges that the warrant served is defective because it differs from the certified copy he received from the court. We review a district court's grant of a motion to dismiss under Rule 12(b)(6) de novo, and uphold dismissal only when it appears that the plaintiff can prove no set of facts that would entitle him to relief. Yanaki v. Iomed, 415 F.3d 1204, 1207 (10th Cir. 2005). We construe Mr. Carter's pro se

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

complaint liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  We may affirm a district court's decision on any grounds supported by the record.  Aguilera v. Kirkpatrick, 241 F.3d 1286, 1290 (10th Cir. 2001).

After reviewing the record, we agree with the district court that to the extent that Mr. Carter sought damages arising from his allegedly unlawful incarceration, his suit would be barred by Heck.  But Mr. Carter also appears to be alleging other types of damages, including property damages.  R. Doc. 1 at 13-14.  Heck specifically excluded from its coverage a suit for damages (where the underlying injury was something other than incarceration) based upon an unlawful search.  Heck, 512 U.S. at 487 n.7.

Be that as it may, we conclude that Mr. Carter has not adequately alleged a constitutional violation.  He does not challenge the underlying affidavit or probable cause.  Rather, he alleges that the magistrate judge issued two warrants for the search of his home–one warrant, on file with the clerk of court along with supporting affidavits, and a second warrant, which the police served upon him.  These items do not differ in any material respect, though they differ slightly in appearance.  Mr. Carter tells us he hired a handwriting expert that concluded the warrants were signed "by the same Magistrate for the same date and location."  See R. Doc. 27 at 5.  No facts alleged, as opposed to conclusory allegations, suggest any bad faith.  Mr. Carter cites no case law or rule that requires law

enforcement to serve the underlying affidavit at the same time as the warrant. Rule 41 requires only that a copy of the warrant be served. <u>See</u> Fed. R. Crim. P. 41.

AFFIRMED. All pending motions are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge