**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAVIER ARMENTA,

      Defendant-Appellant.

No. 05-8090
(D.C. Nos. 04-CV-171-B and
02-CR-161)
(Wyoming)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

      Javier Armenta, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) from this court to challenge the district court's dismissal of his § 28 U.S.C. § 2255 petition as untimely.[1]  He also files a request to proceed *in forma pauperis* (*ifp*).  We exercise jurisdiction under 28 U.S.C.§§ 1291, 2253(c), and conclude that jurists of reason would not find debatable the district court's dismissal of Mr. Armenta's petition.  We therefore deny his application for a COA and dismiss the appeal.

      Mr. Armenta entered a guilty plea in federal court for various drug

---

[1]Because Mr. Armenta is proceeding *pro se*, we liberally construe his pleadings and submissions to this court.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

possession and distribution crimes.  He did not pursue a direct appeal, and his conviction and sentence became final on January 29, 2003.  On June 9, 2004, Mr. Armenta filed the instant 28 U.S.C. § 2255 petition seeking to vacate his conviction, claiming that his rights were violated under the Vienna Convention and that he received ineffective assistance of counsel.

The district court dismissed Mr. Armenta's petition as untimely, noting it was not filed within the one-year limitations period outlined in § 2255.  The court rejected Mr. Armenta's argument that his attorney's failure to timely provide him with a copy of his case file should extend the limitations period under § 2255(4).  That portion of the statue permits the limitations period to begin running from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2255(4), which Mr. Armenta claims did not occur until April 1, 2004, the date on which he received the file from his attorney.  The court found that the facts supporting Mr. Armenta's ineffective assistance of counsel claim were known to him at the time he was sentenced, and that the later receipt of the case file did not provide Mr. Armenta with any new evidence regarding his claim.  Nor did Mr. Armenta make any argument for why he should be excused from the running of the limitations period for his Vienna Convention claim.  The district court dismissed Mr. Amrenta's habeas petition as untimely and subsequently declined to grant a COA.

A COA should issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court dismisses a habeas petition on procedural grounds, a COA should issue only when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We have reviewed the record on appeal and Mr. Armenta's submissions to this court, in which he makes absolutely no argument as to why the district court's dismissal lacks merit. Accordingly, we hold that jurists of reason would not find debatable the district court's rejection of Mr. Armenta's petition as untimely.

We **DENY** Mr. Armenta's request to proceed *ifp*, **DENY** his application for a COA, and **DISMISS** the appeal.

SUBMITTED FOR THE COURT


Stephanie K. Seymour
Circuit Judge