**United States Court of Appeals**
**Fifth Circuit**
**F I L E D**
**August 16, 2006**
**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30762
Summary Calendar

_____

JULIAN SCOTT ESPARZA,

                                        Plaintiff-Appellant,

versus

ERICA B. STAMPLEY,
Staff Dispatcher of Labor Ready Southeast, Inc.,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-280
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:*

    Julian Scott Esparza, proceeding pro se and in forma

pauperis, filed a claim challenging the decision of Erica B.

Stampley, the dispatcher for Labor Ready Southeast, not to

dispatch Esparza for work after witnessing him talking to himself

and determining that his behavior would disrupt the job site.

Esparza argued that Stampley breached an oral contract,

discriminated against him in violation of Title VII and the

Americans with Disabilities Act, and violated his First Amendment

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to freedom of speech.  The district court dismissed Esparza's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Esparza filed timely motions under FED. R. CIV. P. 59(e) and 60(b) requesting relief from judgment.  However, he made no new arguments and failed to point to any error in the district court's decision.

After the district court denied both motions, Esparza appealed.  Esparza has again failed to point to any error in the district court's decision.  When an appellant fails to identify any error in the analysis of the judgment from which he appeals, "it is the same as if he had not appealed that judgment." Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Although pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Because Esparza has briefed no point of error in the district court's decision, his appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Esparza is warned that future frivolous filings of this kind can and will result in the imposition of this court's full panoply of sanctions which may include a fine.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.