HAINES *v.* KERNER ET AL.

No. 70–5025.   Argued December 6, 1971—Decided January 13, 1972

*Stanley A. Bass,* by appointment of the Court, 401 U. S. 1008, argued the cause for petitioner. With him on the briefs were *Jack Greenberg, James M. Nabrit III, William B. Turner, Alice Daniel,* and *Max Stern.*

*Warren K. Smoot,* Assistant Attorney General of Illinois, argued the cause for respondents *pro hac vice.* With him on the brief were *William J. Scott,* Attorney General, *Joel M. Flaum,* First Assistant Attorney General, and *James B. Zagel, Morton E. Friedman,* and *Jayne A. Carr,* Assistant Attorneys General.

Briefs of *amici curiae* were filed by *Charles H. Baron* for Boston College Center for Corrections and the Law, and by *Julian Tepper* and *Marshall J. Hartman* for the National Law Office of the National Legal Aid and Defender Assn.

PER CURIAM.

Petitioner, an inmate at the Illinois State Penitentiary, Menard, Illinois, commenced this action against the Governor of Illinois and other state officers and prison officials under the Civil Rights Act of 1871, 17 Stat. 13, 42 U. S. C. § 1983, and 28 U. S. C. § 1343 (3), seeking to recover damages for claimed injuries and deprivation of rights while incarcerated under a judgment not challenged here.

Petitioner's *pro se* complaint was premised on alleged action of prison officials placing him in solitary confinement as a disciplinary measure after he had struck another inmate on the head with a shovel following a verbal altercation. The assault by petitioner on another inmate is not denied. Petitioner's *pro se* complaint included general allegations of physical injuries suffered while in disciplinary confinement and denial of due process in the steps leading to that confinement. The claimed physical suffering was aggravation of a pre-existing foot injury and a circulatory ailment caused by forcing him to sleep on the floor of his cell with only blankets.

The District Court granted respondents' motion under Rule 12 (b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief could be granted, suggesting that only under exceptional circumstances should courts inquire into the internal operations of state penitentiaries and concluding that petitioner had failed to show a deprivation of federally protected rights. The Court of Appeals affirmed, emphasizing that prison officials are vested with "wide discretion" in disciplinary matters. We granted certiorari and appointed counsel to represent petitioner. The only issue now before us is petitioner's contention that the District Court erred in dismissing his *pro se* complaint without allowing him to present evidence on his claims.

Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears

"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson,* 355 U. S. 41, 45–46 (1957). See *Dioguardi* v. *Durning,* 139 F. 2d 774 (CA2 1944).

Accordingly, although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed and the case is remanded for further proceedings consistent herewith.

*Reversed and remanded.*

MR. JUSTICE POWELL and MR. JUSTICE REHNQUIST took no part in the consideration or decision of this case.