996 F.2d 1221
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Wardell PATTERSON, Appellee,
v.
George LOMBARDI, Dick Moore, Bill Armontrout, Elmer Larkin,
Appellants.
 No. 92-3233.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 16, 1993.
Filed: June 14, 1993.
 
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 In this interlocutory appeal, the defendants, officials in the Missouri Department of Corrections, allege that the district court erred in granting Patterson in forma pauperis status in the present case because Patterson's claims are barred under the doctrine of res judicata.
 
 
 2
 Having reviewed the records in both the previous and the present lawsuits, we agree with the district court that the defendants have failed to meet their burden of proving that the two lawsuits involve the same cause of action. See Lane v. Peterson, 899 F.2d 737, 742 (8th Cir.) (setting forth requirements for application of res judicata defense), cert. denied, 498 U.S. 893 (1990); see also Howard v. Green, 555 F.2d 178, 181 (8th Cir. 1977) ("Res judicata is of course an affirmative defense, Fed. R. Civ. P. 8(c), and the burden of proof is upon the party asserting it.").
 
 
 3
 The previous lawsuit revolved solely around the existence and enforcement of an alleged consent decree and was dismissed as frivolous under 28 U.S.C. § 1915(d) on the narrow ground that the court was unable to locate any evidence of the alleged consent decree. Under the less stringent standards applied to pro se complaints, see, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), we cannot say that the claims in the present case were or could have been raised in the previous lawsuit.
 
 
 4
 Because under the unique facts of this case little would be gained by a detailed opinion, we affirm without further discussion the district court's ruling that Patterson is not barred by res judicata from proceeding in forma pauperis in the present case. See 8th Cir. R. 47B.