36 F.3d 1093
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul Lee MARTIN, Plaintiff-Appellant,
v.
Michael COX, Sheriff; Arnold Coffee, Captain; Chuck
Ingalls, Lieutenant, Defendants-Appellees.
 No. 94-6354.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1994.
Decided: September 21, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CA-92-490-R)
 Paul Lee Martin, Appellant Pro Se.
 William Sampson Kerr, Appomattox, Virginia, for Appellees.
 W.D.Va.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before MURNAGHAN, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Paul Lee Martin, a Virginia inmate proceeding pro se, appeals from the district court's order granting summary judgment to the Defendants in his 42 U.S.C. Sec. 1983 (1988) action in which he alleged that, during his eleven-month stay at the Amherst County Jail, he was exposed on numerous occasions to a particular female guard--Deputy Alicia Call--who failed to announce her presence on the cellblock while Martin and other male inmates were undressed. Martin did not name Deputy Call as a Defendant; rather, he named only her superiors. The district court granted summary judgment to the Defendants finding that they could not be held liable under Monell v. Department of Social Servs., 436 U.S. 658 (1978). Martin timely appealed.
 
 
 2
 This Court has held that the involuntary exposure of a prisoner's genitals to members of the opposite sex, when not reasonably necessary, is a constitutional violation actionable underSec. 1983. Lee v. Downs, 641 F.2d 1117 (4th Cir.1981). Here, however, the named Defendants were entitled to summary judgment because Martin did not allege that Deputy Call's conduct was undertaken "to effectuate official policy or custom" for which these defendants were responsible. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1143 (4th Cir.1982); see also Monell, 436 U.S. at 694. (holding that there is no general supervisory liability underSec. 1983).
 
 
 3
 Although we affirm the district court's award of summary judgment to the named Defendants, we vacate the district court's order in part and remand the case to allow Martin to amend his complaint to add Deputy Call as a Defendant. Pro se complaints are held to less stringent standards than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519 (1972); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Allegations, however inartfully pleaded, are sufficient to call for an opportunity to offer supporting evidence, unless it is "beyond doubt" that the claimant could prove no set of facts entitling him to relief. Cruz v. Beto, 405 U.S. 319 (1972). Martin's allegations may state a claim against Deputy Call. See Lee v. Downs, 641 F.2d at 1120. In Gordon v. Leeke, this Court held:
 
 
 4
 [W]hen [a pro se] litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him to proceed and direct or permit amending of the pleadings to bring that person or persons before the court. If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him.
 
 
 5
 Id. at 1152-53. Here, the person against whom Martin may have stated a claim is known. Further, Martin states in his informal brief that he wishes to amend his complaint to add Deputy Call as a Defendant. The district court did not afford him an opportunity to amend pursuant to Gordon v. Leeke, supra. Therefore, we vacate the district court's order and remand the case for further proceedings consistent with this opinion.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED