**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY ALLEN CLARK,

      Plaintiff-Appellant,

v.

JOHN WHETSEL, Sheriff, and
OKLAHOMA COUNTY SHERIFF'S
DEPARTMENT,

      Defendants-Appellees.

No. 00-6352

(W.D. Oklahoma)

(D.C. No. 99-CV-1122-M)

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jerry A. Clark, proceeding pro se and in forma pauperis, appeals from an order of the district court granting the defendants' motion to dismiss. Mr. Clark filed this civil rights suit against the Oklahoma County Sheriff and the Sheriff's department pursuant to 42 U.S.C. § 1983, alleging, inter alia, (1) damage to his personal property, namely, to the engagement ring he purchased and gave to his fiancee; (2) loss and destruction of his personal property, specifically, other jewelry given to his fiancee, and resulting damage to his personal relationship with his fiancee; and (3) unfair treatment such as excessive bond, prolonged imprisonment, lack of fresh air or sunlight, overcrowding, medical deprivations (resulting in a protracted toothache), and emotional suffering resulting from the above harms.

The magistrate judge's report and recommendation examined each claim and recommended dismissal of some of them pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissal of the remaining ones pursuant to Federal Rule of Civil Procedure 56(c). In his objections to the report and recommendation, Mr. Clark argued that he had suffered emotional injury from the alleged theft and damage to his personal property. Upon de novo review, the district court adopted the magistrate judge's recommendation and dismissed the action.

On appeal, Mr Clark contends: (1) he was denied law library access; (2) the district court erred when it denied certain discovery requests; (3) he was under medication when he had to respond to the magistrate judge's report and recommendation; and (4) the district court based its decision on inconclusive records. While we hold pro se pleadings to a less stringent standard than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), we will uphold the dismissal of a pro se complaint if, accepting the facts alleged as true, they cannot provide a basis for relief. See Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir. 1994).

Even liberally construing Mr. Clark's allegations, he raises only issues that he did not raise before the district court. In general, we will not consider an issue on appeal that was not raised in the district court. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). Although the court will address new issues on appeal when questions of jurisdiction or sovereign immunity are raised or when clear injustice might otherwise result, this case presents none of these exceptions. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir. 1993). Accordingly, we affirm the district court's dismissal.

The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Mr. Clark is reminded that, despite this court's affirmance of the district

court's decision, he remains obligated to continue making partial payments of the appellate filing fee pursuant to § 1915(b).

Entered for the Court,


Robert H. Henry
Circuit Judge