

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2005

# Davis v. W Psychiatric

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1183

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Davis v. W Psychiatric" (2005). *2005 Decisions.* Paper 688.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/688

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-1183
_____

MAURICE A. DAVIS,
Appellant,

v.

WESTERN PSYCHIATRIC INSTITUTE AND CLINIC

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-01668)
District Judge: Thomas M. Hardiman

_____

Submitted Under Third Circuit LAR 34.1(a)
August 12, 2005

BEFORE: VAN ANTWERPEN, GREENBERG and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed:  August 17, 2005)

_____

OPINION
_____


PER CURIAM

      Appellant Maurice A. Davis filed a handwritten, one-page complaint pro se in

United States District Court for the Western District of Pennsylvania, and paid the filing

fee.  He sued Western Psychiatric Institute and Clinic ("WPIC"), a psychiatric facility associated with the University of Pittsburgh Medical Center, claiming that he was "forced" to stay at the clinic for 10 days in November 2002.  Davis sought money damages in the amount of $1,000,000.  Under the heading "Jurisdiction" in his complaint, Davis asserted that the District Court had jurisdiction pursuant to "28 USC § 1332 (Kidnapping)."

WPIC moved to dismiss the complaint for lack of subject matter jurisdiction.  It reasoned that 18 U.S.C. § 1332 sets forth the requirements for jurisdiction based on diversity of citizenship, and the parties, both residing in Pennsylvania, were not diverse.  WPIC also reasoned that, although kidnaping is a federal crime, it does not provide a basis for federal question jurisdiction.  WPIC stated: "Construing the pleadings in the light most favorable to plaintiff, nothing in the Complaint indicates that there is a federal question at issue.  At most, plaintiff alleges that he was detained by the defendant for longer than anticipated.[1]  While plaintiff generally references 'kidnapping,' he has not set forth the elements of any cause of action under any federal statute."  (Brief in Support of Defendant's Motion to Dismiss, at 3.)

Davis submitted a written response to the motion to dismiss.  He complained about the conditions on his locked ward, but he did not specifically cure the jurisdictional defect noted by WPIC.  In an order entered on December 28, 2004, the District Court dismissed

---

[1]  Davis asserted in his complaint that he went to WPIC voluntarily and agreed to remain for 3 or 4 hours only, and not 10 days.

2

the complaint with prejudice. Davis appeals.

We will affirm. Our review of the District Court's dismissal of a complaint for lack of subject matter jurisdiction is plenary. Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Insofar as the District Court signed the order proposed by WPIC, and did not write separately, we must assume that the court intended to adopt WPIC's reasoning with respect to the absence of federal question jurisdiction.

A plaintiff may proceed in federal court in a civil rights action under 42 U.S.C. § 1983 if he alleges a deprivation of his constitutional rights. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Jurisdiction would exist under 28 U.S.C. § 1331, the general federal question statute, and under 28 U.S.C. § 1343(3), the jurisdictional counterpart to 42 U.S.C. § 1983. Davis' complaint did not, however, adequately allege a denial of due process in the steps leading to his apparent commitment to WPIC, and we reach this conclusion even in view of our obligation to construe pro se complaints liberally, see Haines v. Kerner, 404 U.S. 519 (1972). Moreover, WPIC's motion to dismiss put Davis on notice of the jurisdictional defect, and he did not cure it in his response in opposition to the motion.

Although we agree with the District Court that subject matter jurisdiction was lacking, and affirm on that basis, we point out for Davis' benefit that his suit would have been subject to dismissal in any event under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The University of Pittsburgh

3

has been held to be a state actor, Krynicky v. University of Pittsburgh, 742 F.2d 94, 101-103 (3d Cir. 1984), but the lawsuit would be barred by the Eleventh Amendment, see Callahan v. City of Philadelphia, 207 F.3d 668, 670 (3d Cir. 2000), as the Commonwealth of Pennsylvania has not consented to suit in federal court, 42 Pa. Cons. Stat. Ann. § 8521(b). Moreover, the action cannot be maintained because WPIC is not a person within the meaning of 42 U.S.C. § 1983, see Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). See also Kaimowitz v. Bd. of Trustees, Univ. of Ill., 951 F.2d 765, 767 (7th Cir. 1991) (suit against state university barred by Eleventh Amendment, and because state university is alter ego of state it is not "person" under section 1983).

We will affirm the order of the District Court dismissing the complaint for lack of subject matter jurisdiction.