Lorraine WANHAM, as parent and next friend of Q.W., Plaintiff,

v.

EVERETT PUBLIC SCHOOLS and Bureau of Special Education Appeals, Massachusetts Department of Education, Defendants.

Civil Action No. 06–11899–NMG.

United States District Court, D. Massachusetts.

Aug. 14, 2007.

Iraida J. Alvarez, Attorney General's Office, Boston, MA, Doris R. MacKenzie, Ehrens Murphy, Hesse, Toomey, and Lehane, Quincy, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

The parent of a minor child brought an action appealing an adverse decision of the Massachusetts Board of Special Education Appeals. Her complaint also alleges pendant state law claims. The defendants have filed motions to dismiss which are resolved as follows.

## I. *Background*

On October 16, 2006, plaintiff Lorraine Wanham ("Wanham"), as parent and next friend of Q.W., her minor child, filed a *pro se* complaint against the City of Everett Public Schools ("the City") and the Bureau of Special Education Appeals of the Massachusetts Department of Education ("BSEA") appealing an adverse BSEA decision and alleging a number of other pendent state law claims.

In April, 2007, both the City and the BSEA filed motions to dismiss the complaint in its entirety or, in the alternative, to dismiss the pendant state law claims. As grounds therefor, the defendants contend that the plaintiff has failed to comply with the rules applicable to drafting, filing and serving a complaint and that the complaint fails to state a cognizable claim for relief on any of the pendant state law issues. Also pending is a motion filed by the BSEA to strike certain documents submitted by the plaintiff in support of her claims.

Wanham is the mother of minor child Q.W., whose name will be kept confidential for the purpose of these proceedings. Wanham claims that Q.W. has specific learning disabilities that are not being properly addressed by the City's public school system. A hearing on Wanham's claims was conducted by BSEA hearing officer Joan Beron who issued a ruling on July 20, 2006. Wanham now appeals that ruling in accordance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and Chapter 71B of Massachusetts General Laws and the regulations promulgated thereunder.

In addition to the appeal of the BSEA ruling, Wanham contends that the BSEA hearing officer did not follow proper procedures when conducting the hearing, that the hearing officer was not impartial and that the hearing officer's ruling was unreasonable as a matter of law.

While the complaint is excessively long and does not follow the accepted conventions of legal drafting, under a liberal construction, it is possible to discern a legitimate claim for an appeal of the adverse BSEA decision. Apart from the appeal of the BSEA ruling, however, it is difficult to conjure what other causes of action the plaintiff intends to assert. Terms such as "fraud" and "slander" are peppered throughout the complaint but are not organized into counts.

## II. *Analysis*

### A. IDEA Regulatory Framework

In any state receiving federal funds under IDEA, local school districts are required to provide a free appropriate public education ("FAPE") to all children with special needs. 20 U.S.C. §§ 1401(8), 1412(a)(1)(A). A child in need of special education is entitled to an individualized educational plan ("IEP") which provides for his or her educational development in the least restrictive environment. 20 U.S.C. §§ 1401(11), 1412(a)(4). In order to satisfy the federal requirement, a FAPE must meet the standards of the state educational agency. 20 U.S.C. § 1401(8)(B).

Massachusetts law parallels the IDEA, although it includes a more exacting standard. *See* M.G.L. c. 71B, § 2. A Massachusetts IEP must be reasonably calculated "to assure the child's *maximum* possible development" in the "least restrictive environment." *Id.* (emphasis added); *See Roland M. v. Concord Sch. Comm.,* 910 F.2d 983, 987 (1st Cir.1990). Because state standards may be enforced in federal court insofar as they are not inconsistent with federal rights, *Roland M.,* 910 F.2d at 987, the Court will apply the Massachusetts IEP standard. *See also Burlington v. Mass. Dep't. of Educ.,* 736 F.2d 773 (1st Cir.1984), aff'd, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985)(holding that IDEA incorporates by reference state IEP standards that exceed the federal floor).

The IDEA provides that in actions involving appeals from administrative decisions, a federal district court

(i) shall receive the records of the administrative proceedings;

(ii) shall hear additional evidence at the request of a party; and

(iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C).

### B. Standard of Review

A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Judge v. City of Lowell,* 160 F.3d 67, 72 (1st Cir.1998).

■ Pro se pleadings in general must be construed generously. The Court of Appeals for the First Circuit has held that the district court should not dismiss a pro se complaint on essentially technical grounds without affording the plaintiff some opportunity to replead. *Instituto de Educacion Universal Corp. v. U.S. Dep't of Ed.,* 209 F.3d 18, 23 (1st Cir.2000)(when a pleading drafted by a pro se party appears non-frivolous on its face, the court ought not automatically resolve material ambiguities against the pleader) *citing Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### C. Procedural Defenses

On April 25, 2007, The City filed a motion to dismiss Wanham's complaint. The motion contends that Wanham's complaint, insofar as it constitutes an attempt to appeal the BSEA decision with respect to her son, fails to comply with Fed.R.Civ.P. 3, 7(a), 8(a), 8(e) and 11(a) and Local Rule 5.1. The City further contends that the complaint was not properly and timely filed within 90 days of the BSEA decision as required by 20 U.S.C. § 1415(i)(2)(B).

In a motion filed on April 30, 2007, the BSEA joins The City of Everett's motion to dismiss with respect to the procedural deficiencies in the plaintiff's complaint.

■ It is clear enough from the record that the plaintiff failed to abide by numerous procedural requirements in the filing of her complaint. Nevertheless, litigants appearing *pro se* are afforded wide attitude, especially with respect to technical and procedural requirements. *Instituto de Educacion,* 209 F.3d at 23. Moreover, unlike other forms of civil litigation, an appeal under IDEA is relatively straightforward from a procedural standpoint and as a matter of fundamental fairness the plaintiff is entitled to her day in Court.

■ With respect to the City's contention that Wanham failed to file her complaint within the requisite 90 days, the docket and the date stamp on the complaint indicate that the complaint was filed on October 16, 2006. According to the defendants, the final deadline was October 18, 2006. Although the clerk's notes associated with the complaint were not "entered" until October 20, the Court relies on the date of filing and concludes that the action was timely commenced.

Consistent with IDEA, this Court has jurisdiction to review decisions rendered by the BSEA in an appellate capacity. *See* 20 U.S.C. § 1415(i)(2)(C). With respect to the appeal of the BSEA ruling, therefore, the motions to dismiss of both defendants will be denied and the appeal should be decided upon appropriate motion by the parties.

### D. Pendant Claims

In her complaint, the plaintiff makes vague allegations of fraud, slander, intentional or negligent infliction of emotional distress and educational malpractice. Insofar as those allegations are intended to

be pled as separate causes of action, the defendants move for their dismissal because the complaint fails to articulate sufficient facts to sustain any additional claims and because pendant state law claims are beyond the scope of an IDEA appeal. *See* 20 U.S.C. § 1415. The BSEA, furthermore, raises the additional defense that any pendant claims directed against the administrative hearing officer in her official capacity should be dismissed because the Eleventh Amendment forbids the bringing of a federal court action by a private party against a state.

 Simply put, the complaint does not articulate an intelligible claim of fraud, slander or any other cause of action apart from the appeal of the BSEA ruling. While certain legal terms such as "slander" and "fraud" are sprinkled throughout the complaint and alleged as part of the plaintiff's argument that the BSEA hearing officer was not impartial, the factual allegations necessary to support such claims are not coherently organized and even a thorough dissection of the complaint does not reveal other justiciable causes of action. Wanham also makes reference to several federal statutes but does not allege sufficient facts to support any claims thereunder.

### E. Defendant's Motion to Strike and Other Motions

On April 30, 2007, the BSEA filed a motion to strike numerous documents added to the docket by the plaintiff. The documents in question purport to add argument, exhibits and factual allegations to the plaintiff's original complaint. As grounds for the motion, the defendant contends that the supplemental filings represent amendments to the complaint that are impermissible under Fed.R.Civ.P. 15.

Even if the plaintiff's filings do not qualify as proper amendments to her prior pleadings, there is no reason to strike them from the docket. The Court need not, however, consider such voluminous filings for purposes of this motion to dismiss. It expects the parties to file appropriate dispositive motions to resolve the BSEA appeal and will address the proper scope of the record at that time. Meanwhile, the defendant's motion to strike will be denied.

Also pending is a motion to supplement the record filed by the plaintiff (Docket No. 35) and a motion to strike another of Wanham's submissions filed by the City (Docket No. 39). Both of those motions concern the scope of the record that should be before this Court upon review the substance of Wanham's IDEA appeal. The Court will retain those motions under advisement for consideration anon.

### ORDER

The defendants' motions to dismiss (Docket Nos. 26 and 31) are, with respect to the appeal of the BSEA decision pursuant to IDEA, **DENIED** but are, in all other respects, **ALLOWED**. Defendant BSEA's motion to strike (Docket No. 30) is **DENIED**.

**So ordered.**