**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONA KELLER,

      Plaintiff-Appellant,

v.

PORTER HOSPITAL; CENTURA
HEALTH; CANNON COCHRAN
MANAGEMENT SERVICE INC.
(actually named as Cannon Cochran
Mng. Serv. Inc.),

      Defendants-Appellees.

No. 07-1448
(D.C. No. 07-CV-1543-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

      Plaintiff-Appellant Dona Keller, appearing pro se, appeals the dismissal of

her complaint by the United States District Court for the District of Colorado.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing her filings liberally,[1]

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]      We review pro se pleadings and filings liberally. *See Haines v. Kerner*,

(continued...)

we conclude that the district court correctly held that the defendants did not act under color of state law, and thus her complaint failed to state a claim for relief under 42 U.S.C. § 1983. Further, we conclude that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over her state law claims. Accordingly, we **AFFIRM** the district court's order of dismissal.[2]

## I. BACKGROUND

Ms. Keller filed suit against her former employer, Porter Hospital/Centura Health, and Cannon Cochran Management Service Inc., the third-party administrator hired by her employer to administer workers-compensation claims. The gravamen of her complaint was the alleged failure to receive adequate medical treatment for an injury suffered at work. More specifically, Ms. Keller alleged a constitutional claim under § 1983 for an alleged denial of her "rights to life, liberty[,] property and the pursuit of happiness," R., Doc. 7 at 3, in that "the defendants are allowed to [circumvent] the rules and regulations of the Colorado Workers' Compensation process[.]" *Id*. She also asked the court to exercise supplemental jurisdiction over her state law claims for "Standards of Professional Responsibility" and "False Claims Act." *Id*. at 7, 11. Along with the complaint,

[1](...continued)
404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

[2]     The defendants were never served and thus did not appear in the district court and do not appear in this court on appeal.

-2-

Ms. Keller filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915, which was granted. The district court dismissed the suit as frivolous because the defendants did not act under color of state law – one of several prerequisites to relief under § 1983. The court also declined to exercise supplemental jurisdiction over the state law claims.

## II. **DISCUSSION**

A district court is required to dismiss a complaint filed in forma pauperis when, among other things, it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(I). An in forma pauperis complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (quotation omitted). As in this case, "where the frivolousness determination turns on an issue of law, we review the determination *de novo*." *Id.*

"To state a claim under § 1983, [a plaintiff] must allege that [she was] deprived of a right secured by the Constitution and laws of the United States and that this deprivation was committed under color of state law." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005) (footnote and quotation omitted). A two-part test is used to determine whether the conduct was under the color of state law:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state

official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state.

*Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

Ms. Keller's complaint was devoid of any allegations that the defendants were state actors. Therefore, the district court correctly dismissed the complaint as legally frivolous.

Ms. Keller's argument that the district court erred in declining to exercise supplemental jurisdiction over her state law claims also lacks merit. Under 28 U.S.C. § 1367(c), the "district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." "Section 1367 thus expressly grants the court discretion to dismiss the supplemental state law claims as well." *Tonkovich v. Kansas Bd. of Regents*, 254 F.3d 941, 945 (10th Cir. 2001). Indeed, none of the factors which might indicate an abuse of discretion such as "judicial economy, convenience, and fairness," *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995), favor a decision to retain jurisdiction. Because there was no abuse of discretion, we affirm the district court's order declining to exercise supplemental jurisdiction.

The judgment of the district court is **AFFIRMED**.  Ms. Keller's motion to proceed in forma pauperis on appeal is **DENIED**.

Entered for the Court


Jerome A. Holmes
Circuit Judge