NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1804

_____

HILLIARD REED,
                                                Appellant

v.

KENNETH CAMERON, Warden;
DOUGLASS BOPP, Medical Sup;
DR. MICHAEL CASH, Medical Dir.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 09-cv-00028
(Honorable Kim R. Gibson)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2010
Before:  SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Filed : May 17, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Hilliard Reed, a prisoner at SCI Cresson, appeals pro se from an order of the

District Court dismissing his civil rights complaint under 42 U.S.C. § 1983.  For the

following reasons, we will vacate and remand for further proceedings.

In February 2009, Reed filed a pro se civil rights action pursuant to 28 U.S.C. § 1983 against the Warden, Medical Director, and Medical Supervisor at SCI Cresson, where he is incarcerated, alleging deliberate indifference to his serious medical needs. After screening the complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge also permitted Reed ten days to file written objections to the recommendation or amend his complaint.

Within ten days, Reed submitted a "Statement of Claims" (Docket No. 5) in which he alleged that he has arthritis and nerve damage in his hip and back that are the cause of constant numbness and pain, and that his condition has now deteriorated such that he has to sleep on his cell floor with his legs propped up on the bed frame to ease his discomfort and control his nerves. (Statement of Claims 3.) He further alleged that since being transferred to SCI Cresson in 2003, he has tried to get approval for a hip replacement. He filed his first grievance in 2007 and was told by medical staff to "have patience." Reed claims that he was approved for surgery to correct a herniated disc in his back over two years ago, but for unknown reasons never received the surgery. Reed was also evaluated by a specialist, but he claims that the epidural injection treatments recommended by the specialist were not approved by his prison physicians, and he was told instead to "practice pain management." He asserts that although he has been evaluated, he has yet to receive

any actual treatment for his ailments, despite the fact that "they knew that my condition has and will continue to cause more damages to my body." (Id.)

The District Court reviewed Reed's Statement of Claims and concluded that Reed's complaint merely expressed dissatisfaction with his medical care and did not allege facts sufficient to conclude that the defendants "who are by plaintiff's own allegation providing him with advanced medical care, have acted with deliberate indifference." Memorandum Order at 1. Accordingly, the District Court dismissed Reed's complaint for failure to state a claim. Reed appealed and moved for the appointment of counsel. We denied Reed's motion for counsel and informed him that he need only submit an informal brief in support of his appeal. Reed's brief is currently before the Court.[1]

II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review of a dismissal order for failure to state a claim. See Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004). In reviewing the grant of a motion to dismiss for failure to state a cause of action, we apply the same standard as did the District Court: "accept all allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the

---

[1] Because the District Court dismissed Reed's complaint before it was served, the defendants are not participating in this appeal.

3

complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515

F.3d 224, 230 (3d Cir. 2008). In doing so, "we take seriously our charge to construe pro

se complaints nonrestrictively." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003)

(citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

### III.

To state a claim for a violation under the Eighth Amendment, Reed must allege

"(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that

those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing

Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The District Court did not determine

whether Reed alleged a serious medical need, but we think it clear that he has. See

Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003) (medical need is serious "if it has

been diagnosed by a physician as requiring treatment"). Instead, the District Court

dismissed Pearson's complaint on the sole basis that Reed "failed to allege any facts from

which it could be concluded that defendants . . . have acted with deliberate indifference."

(Mem. Order 1). We disagree.

Deliberate indifference requires that "the official 'knows of and disregards an

excessive risk to inmate health or safety.'" Natale v. Camden Cty. Corr. Fac., 318 F.3d

575, 582 (3d Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The

District Court correctly noted that dissatisfaction with prison medical care is not sufficient

to allege a violation of the Eighth Amendment. See Monmouth County Corr. Inst.

4

Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). However, we have found deliberate indifference in a number of scenarios, including "where prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat of tangible residual injury[.]" Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citations and internal quotation marks omitted). We also have found this standard satisfied when "a prison official . . . knows of a prisoner's need for medical treatment but intentionally refuses to provide it" or "delays necessary medical treatment based on a non-medical reason." Rouse, 182 F.3d at 197. Grossly negligent behavior can also constitute deliberate indifference, as can a doctor's choice to take an "easier and less efficacious course of treatment" in response to a serious medical need. Monmouth, 834 F.2d at 347; see also Farmer, 511 U.S. at 842 (stating that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm").

Viewing the claims in the light most favorable to Reed, he has alleged more than mere dissatisfaction or disagreement with his medical care – he has alleged that although medical staff were aware of his deteriorating condition and debilitating pain, they had unduly delayed his already-approved surgery and, in the case of the epidural injections, prevented him from receiving the treatment altogether. Reed alleges that the only treatment he has received since 2007 are evaluations by specialists and an instruction to practice "pain management" for a condition that the medical staff knows "will continue to cause more damage[]" to his body and has, in fact, deteriorated to the point where he is

5

sleeping on the floor. (Statement of Claims 3). These allegations raise an inference that prison officials were deliberately indifferent to his suffering and delayed medical care for non-medical reasons. We conclude that Reed has alleged sufficient facts to survive a dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim. See Estelle, 429 U.S. at 106 (noting that "a pro se complaint . . . can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (citations and internal quotation marks omitted).[2]

## IV.

Accordingly, we will vacate the decision of the District Court and remand for further proceedings.

---

[2] We neither express any opinion on the merits of Reed's claims nor rule out the possibility that some or all defendants may be able to raise grounds for dismissal under Rule 12(b)(6) or otherwise.