FILED
United States Court of Appeals
Tenth Circuit

December 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JON EDELMAN, a/k/a Jon J. Edelman
or John J. Edelman,

Defendant-Appellant.

No. 10-2086
(D.C. No. 1:06-CV-01216-WJ-RLP)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

---

Defendant Jon Edelman, appearing in this court pro se, appeals from the

district court's Memorandum Opinion and Order granting summary judgment to

the United States on its federal tax assessments against him for tax years 1979

through 1982, 1987, 1992 through 1998, and 2003. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On December 13, 2006, the Government filed its initial complaint seeking to reduce to judgment federal tax assessments made on Mr. Edelman for tax years 1979 through 1985 and 1987. On April 16, 2007, the Government filed an amended complaint, seeking to reduce to judgment sixteen years of federal income tax assessments made against Mr. Edelman; that is, assessments for tax years 1979 through 1985, 1987, 1992 through 1998, and 2003. In its opposed second motion for summary judgment and memorandum in support, the Government withdrew its claims against Mr. Edelman as to all of tax year 1983 and part of tax year 1985. *See* R., Vol. 1, at 586, 590 n.1, 594 n.7. The Government moved for summary judgment on its remaining claims, arguing that Mr. Edelman's taxes remained unpaid and that the action was filed prior to the expiration of the ten-year statute of limitations set forth in 26 U.S.C. § 6502(a)(1).

On September 15, 2009, the district court issued its Memorandum Opinion and Order granting the Government's motion for summary judgment as to its claims for tax years 1979 through 1982, 1987, 1992 through 1998, and 2003. R., Vol. 1, at 851-52. The court concluded that the ten-year limitations period for tax years 1979 through 1982 and 1987 was tolled during proceedings on Mr. Edelman's several requests for collection due process (CDP) hearings and while Mr. Edelman was out of the country for more than six months, so the limitations period had not expired as to those tax years when the Government

filed its original complaint in December 2006. *Id.* at 839-40, 843-47, 851. The court also concluded that the Government's action was timely with regard to tax years 1992 through 1998 and 2003 regardless of any tolling. *See id.* at 846-47, 851. The court denied summary judgment as to tax years 1984 and 1985, however, holding that there was a genuine issue of material fact as to the tolling of the statute of limitations for those years. *Id.* at 851-52. On January 28, 2010, the district court granted the Government's unopposed motion to sever the pending claims for tax years 1984 and 1985, creating a new case and docket for those claims. *See id.* at 879, 884-85. On March 11, 2010, the district court entered a final and appealable judgment on the adjudicated claims. *See id.* at 886. Mr. Edelman appeals.

Mr. Edelman argues that: (1) the Government's claims against him for tax years 1979 through 1982, 1987, and 1992 through 1994 were untimely because his requests for CDP hearings did not toll the ten-year statute of limitations in 26 U.S.C. § 6502(a) for bringing suit; (2) the district court failed to give him proper notice under *Jaxon v. Circle K Corporation*, 773 F.2d 1138, 1139-40 (10th Cir. 1985), of the procedural requirements for defending against the Government's motions for summary judgment, which was compounded by the court's failure to compel discovery essential to his ability to show error in the Government's calculations of deficiencies, assessments, interest, and penalties; and (3) Congress amended 26 U.S.C. § 6502 in the Internal Revenue Service

Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685, expressing its intent in the Conference Report that the ten-year statute of limitations for collecting taxes should not be extended.

"We review a grant of summary judgment de novo and apply the same legal standard as the district court." *United States v. Botefuhr*, 309 F.3d 1263, 1270 (10th Cir. 2002) (quotation omitted). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (revised effective December 1, 2010). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Botefuhr*, 309 F.3d at 1270. We review the district court's order denying additional discovery for an abuse of discretion. *See MediaNews Group, Inc. v. McCarthey*, 494 F.3d 1254, 1265 (10th Cir. 2007). Because Mr. Edelman is pro se, we construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

We have carefully reviewed the district court's thorough Memorandum Opinion and Order in light of the parties' arguments, the record on appeal, and the governing law. We are unpersuaded by Mr. Edelman's claims of error; rather, we conclude that the Government has demonstrated the lack of merit in his appeal. Under the tax code, the limitations period was suspended (tolled) while Mr. Edelman engaged in CDP proceedings and while he was out of the country

-4-

for more than six months.  26 U.S.C. § 6330(e), 6503(c).  He has failed to demonstrate that there were any essential facts left to be determined on the issue of the statute of limitations, or that the statutes relevant to the limitations period—and the tolling thereof—were revised in his favor by the Internal Revenue Service Restructuring and Reform Act of 1998.  In addition, his response to the Government's first summary judgment motion shows that, unlike the pro se litigant in *Jaxon*, 773 F.2d at 1140, he understood the procedural requirement to submit evidentiary material to counter the Government's showing.  *See* R., Vol. 1, at 233-64.  He has not demonstrated that the district court abused its discretion by failing to explain more fully the procedural requirements of responding to the Government's second summary judgment motion.  Finally, Mr. Edelman has not shown that the district court abused its discretion by refusing to compel additional discovery from the Government.  R., Vol. 1, at 505.

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Senior Circuit Judge