# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2021

Lyle W. Cayce
Clerk

No. 19-50856
Summary Calendar

ROSA SERRANO,

*Plaintiff—Appellant*,

*versus*

ANN CRAWFORD-MCCLURE, *Chief Justice Eight Court of Appeals*;
JAIME ESPARZA, *District Attorney*; JESUS HERRERA, *Criminal County
Court at Law*; STEVEN HUGHES, *Eleventh Court of Appeals*; VIRGIL
MULANAX, *County Court of Law #7*; GINA PALAFOX, *Justice Eight
Court of Appeals*; YVONNE RODRIGUEZ, *Justice Eight Court of Appeals*;
RICHARD WILES, *Sheriff, El Paso County*; STEPHEN ABLES, *Regional
Administrative Judge District Six*; LUIS AGUILAR, *243rd District Court for
Texas*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-336

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

Per Curiam:*

Rosa Serrano, Texas prisoner # 2151723, filed a 42 U.S.C. § 1983 complaint against numerous defendants, challenging two state criminal contempt orders and her state Medicaid fraud conviction. The district court dismissed her complaint for failure to state a claim under 28 U.S.C. § 1915(e). Serrano reasserts her claims and argues that the criminal contempt orders and her Medicaid fraud conviction were void due to violations of her constitutional rights; the state courts lacked jurisdiction because she removed the state criminal cases to federal court; and the appellees were not entitled to immunity due to their misconduct.

On appeal, Serrano makes numerous arguments but has not identified any error in the district court's reasons for dismissing her claims for failure to state a claim under § 1915(e). When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Thus, Serrano has abandoned any argument that the district court erred in dismissing her complaint for failure to state a claim. *See Brinkmann*, 813 F.2d at 748; *see also United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009). Accordingly, the district court's judgment is AFFIRMED. Serrano's motion to appoint counsel and to abate the appeal

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-50856

is DENIED.  Her motion to suspend the collection of appeal fees is also DENIED.

The district court's dismissal of her complaint for failure to state a claim evidently counts as a strike under 28 U.S.C. § 1915(g).  Serrano is ADVISED that if she accumulates three strikes, she will not be able to proceed in forma pauperis in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury.  *See id.*