**UNITED STATES COURT OF APPEALS**

**TENST CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 22-1045 |
| | (D.C. Nos. 1:21-CV-00477-PAB |
| MICHAEL BENITEZ-LOPEZ, also known as Mikey, also known as Money Mike, | & 1:18-CR-00328-PAB-6) |
| | (D. Colo.) |
| Defendant - Appellant. | |

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **PHILLIPS**, **MURPHY,** and **EID**, Circuit Judges.

This matter is before the court on Michael Benitez-Lopez's pro se request[1]

for a certificate of appealability ("COA"). He seeks a COA so he can appeal the

denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing

no appeal is allowed from a "final order in a proceeding under section 2255"

unless the movant first obtains a COA). Because he has not "made a substantial

---

[1]The court construes Benitez-Lopez's filings liberally because he is not
represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This court will not, however, act
as a pro se litigant's advocate. *Hall*, 935 F.2d at 1110.

showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial, Benitez-Lopez was convicted of multiple drug crimes. *See* 18 U.S.C. §§ 841, 843, 846. The district court sentenced him to 180 months' imprisonment on count one (the conspiracy count), 48 months' imprisonment on count eight (the use-of-a-communication-facility-in-connection-with-a-drug-trafficking-offense count), and 180 months' imprisonment on count 10 (the possession-of-cocaine count). The district court ordered that all three sentences run concurrently. Benitez-Lopez appealed and this court affirmed. *United States v. Benitez-Lopez*, 834 F. App'x 463, 466 (10th Cir. 2020). Thereafter, Benitez-Lopez filed the instant, timely § 2255 motion, raising substantive and ineffective-assistance-based challenges to his convictions.

In a comprehensive and well-stated order, the district court denied Benitez-Lopez's request for collateral relief. The district court concluded Benitez-Lopez's due process and double jeopardy challenges were procedurally barred because they were not raised on direct appeal. Nevertheless, the district court considered the merits of these claims under the rubric of ineffective assistance of trial and appellate counsel. The district court concluded Benitez-Lopez's ineffective-assistance-of-counsel claims failed because the objections he asserted

-2-

counsel should have raised at trial or on appeal were without merit.  *See*

*Strickland v. Washington*, 466 U.S. 668, 678-88 (1984).

Benitez-Lopez seeks a COA so he can appeal the district court's denial of

his § 2255 motion.  The granting of a COA is a jurisdictional prerequisite to an

appeal from the denial of a § 2255 motion.  *Miller-El v. Cockrell*, 537 U.S. 322,

336 (2003).  To be entitled to a COA, Benitez-Lopez must make "a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To

make the requisite showing, he must demonstrate "reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve

encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (quotations

omitted).  In evaluating whether he has satisfied this burden, we undertake "a

preliminary, though not definitive, consideration of the [legal] framework"

applicable to each of his claims.  *Id.* at 338.  Although he need not demonstrate

his appeal will succeed to be entitled to a COA, he must "prove something more

than the absence of frivolity or the existence of mere good faith."  *Id.* (quotations

omitted).

Having undertaken a review of Benitez-Lopez's combined appellate brief

and request for COA, the district court's order, and the entire record before this

court pursuant to the framework set out by the Supreme Court in *Miller-El*, we

-3-

conclude Benitez-Lopez is not entitled to a COA.  In so concluding, this court has

nothing to add to the district court's cogent, thorough order denying his § 2255

motion.  Accordingly Benitez-Lopez's request for a COA is **DENIED** and this

appeal is **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge