# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2023

Lyle W. Cayce
Clerk

———————

No. 22-10773
Summary Calendar

———————

NeKeshia-Shiondrail Henderson, *Sui Juris, Agent for Debtor, Eng Legis*,

*Plaintiff—Appellant*,

*versus*

IberiaBank; Anthony Restel, *Individually and in his Official Capacity as Chief Financial Officer of IberiaBank*; Unify Financial Federal Credit Union; Nathan Montgomery, *Individually and in his Official Capacity as Chief Financial Officer of Unify*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-3212

———————————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

    NeKeshia-Shiondrail Henderson, proceeding pro se, appeals the dismissal of her amended complaint under Federal Rule of Civil Procedure

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10773

12(b). In her complaint, she asserted claims that various defendants had: (1) deprived her of her rights guaranteed by the 13th Amendment, (2) reported inaccurate and invalid information to credit reporting agencies, in violation of the Fair Credit Reporting Act, (3) committed fraud in the factum, and (4) violated the Fair Credit Billing Act. She also raised a claim titled "Default and Confession of Judgment."

While pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), arguments must be briefed in order to be preserved, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983). Because Henderson does not meaningfully brief the reasons given by the district court for dismissing the aforementioned claims, they are abandoned. *See Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, to the extent that Henderson asserts that the magistrate and district judges acted with prejudice or displayed judicial bias warranting disqualification, she has not identified any valid bases on which the impartiality of the judges in this case might be questioned. *See United States v. Scroggins*, 485 F.3d 824, 829-30 (5th Cir. 2007); *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 226 (5th Cir. 1988).

The judgment of the district court is AFFIRMED.