**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2960
_____

JEAN PRILLMAN,
                              Appellant

v.

GEORGE PARSONS, GM3B; VICTOR KOSZI, OM; ANEL VARGAS, HR;
HEATHER LANZA, HR; JEREMY SCHMICK, OM; ROBERT WORRALL,
Supervisor
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:24-cv-00605)
District Judge: Honorable John M. Gallagher
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2025
Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed June 10, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jean Prillman appeals pro se from the District Court's dismissal of her amended complaint. We will affirm.

Prillman was terminated from her employment for gambling while at work. Prillman's amended complaint alleged that she was falsely accused of gambling and that her employer wrongfully terminated her in violation of her civil rights. She expressly stated that she was not suing for discrimination. She alleged that when she was terminated, she had to borrow money to keep her apartment, and she was initially denied unemployment benefits and did not receive compensation until after an appeal.

On the defendants' motion to dismiss, the District Court liberally construed Prillman's complaint as alleging a Fourteenth Amendment due process claim—that the defendants deprived her of a liberty interest in her reputation. It concluded that the claim failed because Prillman made no allegations supporting a plausible inference that the defendants made stigmatizing statements publicly.[1] The District Court dismissed any federal claims that Prillman purported to bring with prejudice and dismissed any state law claims without prejudice for lack of subject matter jurisdiction. Prillman appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal. See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020).

Because Prillman is proceeding pro se, we liberally construe her filings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). But pro se litigants still must

---

[1] The District Court assumed for the purpose of its analysis that the defendants were state actors.

"abide by the same rules that apply to all other litigants." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013). To present an issue for review, a litigant's opening brief must include, among other things, a statement of the issues, the legal argument explaining why the district court decided the issues incorrectly, and the facts and legal authorities supporting that argument. <u>See</u> Fed. R. App. P. 28(a). Thus, an appellant's failure to raise an issue in her opening brief, even when proceeding pro se, renders it forfeited. <u>See</u> <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam).

Here, Prillman's brief does not address the District Court's reasoning at all, much less explain why its disposition was erroneous. Instead, Prillman re-asserts that she did not gamble at work, and she requests that this Court examine evidence that she claims will prove her innocence. She notes that she has already presented the evidence in her state unemployment proceedings, and that the unemployment hearing referee found that she was not gambling. But that Prillman was not gambling at work does not change the fact that she failed to state a federal claim for relief in her amended complaint. Prillman alleged no facts suggesting that the defendants made false statements about her publicly such that she could sufficiently state a "stigma-plus" claim under the Fourteenth Amendment. <u>See</u> <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 236 (3d Cir. 2006); <u>Chabal v. Reagan</u>, 841 F.2d 1216, 1223-24 (3d Cir. 1988).

Accordingly, we will affirm the District Court's judgment. Prillman's motions to reschedule oral argument, compel the appellee to submit footage, and submit pictures and documents as evidence are denied.

3