**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GLEN HINDBAUGH,

       Plaintiff-Appellant,

v.

WASHITA COUNTY BOARD OF
COUNTY COMMISSIONERS; THE
WASHITA COUNTY SHERIFF'S
DEPARTMENT;
ROGER REEVE, individually;
R.C. DANIEL, individually;
LARY DAMRON, individually;
JOEY BALES, individually,

       Defendants-Appellees,

   and

DALTON BISHOP, individually;
STRIDER ESTEP, individually,

       Defendants.

No. 08-6167
(D.C. No. 5:06-CV-01240-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

Glen Hindbaugh appeals from the district court's grant of summary judgment to all defendants in his civil rights suit. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Mr. Hindbaugh was present in a house searched by defendants Daniel, Damron, Bales, and Reeve without a warrant in November 2004. When officers first entered the house, Mr. Hindbaugh and his girlfriend were in bed, with plans to stay the night to care for the disabled resident of the house. Mr. Hindbaugh, his girlfriend, and two other occupants were removed to the living room, where the officers requested consent to search. Mr. Hindbaugh informed them that he did not live in the house and he did not even have a change of clothes there, so he could not consent.

Mr. Hindbaugh and the others were arrested and held in jail until an Oklahoma state court held a hearing on their motion to suppress. That court found that the search was not consensual and was not justified by exigent circumstances. It suppressed the evidence and dismissed the charges. Mr. Hindbaugh then sued under 42 U.S.C. § 1983 and state law. Under § 1983, he alleged violations of his Fourth Amendment right to be free from warrantless searches and his Fourteenth Amendment right to adequate medical care while in

pretrial detention.  Under state law, he asserted claims for negligence and intentional infliction of emotional distress.

All defendants moved for summary judgment, but Mr. Hindbaugh responded only to the motions filed by Daniel, Damron, Bales, and Reeve.  The district court granted summary judgment to defendants on all claims.  With regard to the § 1983 Fourth Amendment claim, the court held that Daniel, Damron, Bales, and Reeve were entitled to qualified immunity because Mr. Hindbaugh's statements at the time of the search constituted a disavowal of any reasonable expectation of privacy in the house.  Thus, the court concluded, Mr. Hindbaugh had no Fourth Amendment rights that could be violated.  With regard to the § 1983 medical-care claim, the court held that Mr. Hindbaugh had not demonstrated that any defendant had any personal participation in the alleged denial of medical care.  Finally, with regard to the state-law claims, the court held that the claims were barred by the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-200.  The district court later denied Mr. Hindbaugh's motion for reconsideration.  Mr. Hindbaugh appeals.

II.

Our review is de novo, applying the same legal standard as the district court and viewing the evidence in the light most favorable to Mr. Hindbaugh as the non-moving party.  *Reeves v. Churchich*, 484 F.3d 1244, 1250 (10th Cir. 2007).  Summary judgment is appropriate when "there is no genuine issue as to

-3-

any material fact and . . . the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(c).

On appeal, Mr. Hindbaugh proceeds pro se. Accordingly, we accord his filings liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Using liberal construction, we have identified three issues in the opening brief that could be liberally construed to arise from the disposition of Mr. Hindbaugh's case by the district court: (1) a complaint that summary judgment is appropriate only at the beginning of the case, not close to the trial date; (2) an assertion that immunity is inapplicable in a civil rights action; and (3) a challenge to the district court's ruling that there was no Fourth Amendment violation. We do not identify any coherent legal or factual arguments directed at the district court's rulings on Mr. Hindbaugh's § 1983 medical-care claim and his state-law claims, so any challenges to these rulings are waived. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").

The first and second issues are easily resolved. The federal rules specifically provide that a summary judgment "motion may be filed *at any time* after" the twentieth day from the start of the action or an opposing party's service of a summary judgment motion. Fed. R. Civ. P. 56(a) (emphasis added). Thus, such motions are not required to be filed at the beginning of the case. Here, defendants' summary judgment motions were filed in accordance with Rule 56(a)

-4-

and within the district court's deadline for dispositive motions. They were not untimely. As for the immunity argument, the doctrine of qualified immunity is well-established in civil rights actions, *see, e.g., Pearson v. Callahan*, 129 S. Ct. 808, 815, 822 (2009) (discussing the doctrine and awarding qualified immunity); *Reeves,* 484 F.3d at 1250, 1261 (same), and it was not improper for the district court to engage in a qualified immunity analysis in this case.

Regarding the district court's Fourth Amendment ruling, to overcome the defense of qualified immunity, a plaintiff must establish that the defendants' actions violated a constitutional right and that the right was clearly established at the time of the actions. *Pearson*, 129 S. Ct. at 815-16. It is within this court's discretion to consider either factor first. *Id.* at 818.

The district court held that Mr. Hindbaugh disavowed any reasonable expectation of privacy in the residence and, therefore, he had no Fourth Amendment rights to assert. The undisputed facts show that Mr. Hindbaugh was, at the least, a social guest in the house.[1] A social guest has Fourth Amendment standing to challenge a search of his host's home. *United States v. Thomas*, 372 F.3d 1173, 1176 (10th Cir. 2004); *United States v. Rhiger*, 315 F.3d 1283, 1286-87 (10th Cir. 2003). Recently, we stated that "[a]n overnight or social

[1] When he sought reconsideration in the district court, Mr. Hindbaugh asserted he was listed on the lease for the house. Because the circumstances indicate that he has Fourth Amendment standing even if he were not listed on the lease, this fact does not change our analysis.

guest, squarely protected by the Fourth Amendment, does not relinquish that protection by truthfully stating that he does not own the home he is visiting." *United States v. Poe*, 556 F.3d 1113, 1122 n.11 (10th Cir. 2009).

*Poe* indicates that Mr. Hindbaugh's statements to the officers at the time of the search did not disclaim his reasonable expectation of privacy. But *Poe* was not decided until March 2009, while the search at issue occurred in November 2004. At the time of the search, *Rhiger* and *Thomas* had established that a social guest had Fourth Amendment rights, but it was not clear that unequivocal remarks by that person tending to disavow a privacy interest might not in fact disclaim any such interest. *See Mecham v. Frazier*, 500 F.3d 1200, 1206 (10th Cir. 2007) (Stating that a plaintiff must show a right is "clearly established in a particularized sense" and that it must be "clear to a reasonable officer that his conduct was unlawful in the situation" (internal quotations omitted)). Accordingly, Mr. Hindbaugh cannot overcome defendants' entitlement to qualified immunity on the Fourth Amendment claim.

III.

Appellees' motion to strike the opening brief and dismiss the appeal is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-6-