OPINION
PER CURIAM.
Lee Chong Moua appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting Defendants’ motions to dismiss Moua’s *727 complaint for failure to state a claim. For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.
I.
In January 2008, Moua, an inmate at SCI-Mahanoy, filed an action pursuant to 42 U.S.C. § 1983 against his court-appointed attorney, two judges of the Court of Common Pleas of Lancaster County, Pennsylvania, and a legal intern with the Administrative Office of Pennsylvania Courts. He alleged that the Defendants violated his Sixth Amendment rights by not fulfilling his request to purchase the “jury charge transcript” of his criminal trial. The judges and legal intern (“Judicial Defendants”) moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Moua’s claim that his attorney told him the “record has inexplicably become unavailable” was insufficient to allege a denial of access to the courts and actual injury by the Judicial Defendants. The District Court granted the motion and dismissed the complaint as to the Judicial Defendants. Moua filed a timely motion for reconsideration, which the District Court denied. He thereafter filed a timely appeal with this Court. However, Moua’s appeal was dismissed for failure to pay the filing fee pursuant to Third Circuit LAR 3.3 and MISC. 107.2(a).
Meanwhile, in the District Court, the remaining defendant in the case, Attorney Daniel Taylor (“Taylor”) filed a separate motion to dismiss Moua’s complaint. Upon consideration of the parties’ submissions, the District Court granted Taylor’s motion and dismissed Moua’s complaint. Moua appeals the ruling.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court’s dismissal for failure to state a claim is plenary. Port Auth. of N.Y. & N.J. v. Arcadian Corp., 189 F.3d 305, 311 (3d Cir.1999). When considering a district court’s grant of a motion to dismiss under Rule 12(b)(6), we “accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff.” Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
Upon review of the record, we agree that the District Court properly dismissed Moua’s complaint as to all of the defendants in the case. Even under the liberal pleading standard for pro se complaints, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Moua’s complaint did not establish a cause of action under 42 U.S.C. § 1983.
To establish a cause of action under section 1983, a plaintiff must allege “the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.” West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).
As previously mentioned, Moua alleged that the Defendants refused to provide him with a copy of the transcript of his 1990 state court criminal trial. As relief, Moua requested a mandatory injunction ordering the Defendants to provide him with a copy of the transcript and a declaratory judgment that the Defendants’ conduct in refusing to give him the transcript was “intentionally wrong and directly caused the injury complained of.” The District Court construed Moua’s complaint *728 as a claim for denial of access to the courts.[1]
In order to prevail on a denial of right of access to the courts claim, it is necessary that a plaintiff allege an actual injury, i.e., an instance in which he was actually denied access to the courts. Lewis v. Casey, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Peterkin v. Jeffes, 855 F.2d 1021, 1039-40 (3d Cir.1988).
In Moua’s complaint, he did not set forth any facts describing how he has been injured as a result of not having his transcript. Moua’s responses to Defendants’ motions to dismiss are likewise silent regarding his alleged injury. In his response to Taylor’s motion to dismiss, Moua merely stated that based upon his review of the transcript, his new attorney has drafted an amended petition for post-conviction relief in his criminal trial alleging that Taylor was ineffective for failing to object to an erroneous jury instruction. Because the state court has yet to rule on the amended petition, Moua cannot assert that he has been foreclosed from any post-conviction remedy or relief by not having obtained the transcript until June 2008. Thus, because Moua has not set forth any basis, either factual or legal, to support a claim against the Defendants for denial of access to the courts, we conclude that the District Court’s decision to dismiss his complaint was appropriate.
As there is no substantial question presented by this appeal, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.

. Prior to the District Court's ruling on Taylor's motion to dismiss, Moua withdrew his request for injunctive relief. Apparently, in June 2008, Moua obtained a copy of the trial transcript. However, he still sought entry of a declaratory judgment that the Defendants violated his constitutional rights.