# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2011

Lyle W. Cayce
Clerk

No. 10-40869
Summary Calendar

SOILO E. URIAS,

Plaintiff-Appellant,

versus

DAVID HUDSON, Senior Warden at Telford Unit;
JOSEPH WILSON, Assistant Warden at Telford;
JEFFERY CALFEE, Assistant Warden at Telford;
RODGER MCDONALD, Major at Telford Unit,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:09-CV-130

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-40869

Soilo Urias, Texas prisoner # 1189938, sued under 42 U.S.C. § 1983, alleging that his constitutional rights were violated during a prison lockdown. The district court granted summary judgment in favor of the defendants. Urias argues that the court erred in denying his discovery motion, in denying his motion for appointed counsel, and in holding him to an unfair pleading standard. He also claims that the defendants failed to present competent summary judgment evidence.

We review a summary judgment *de novo*. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2010).

Urias contends that the district court erred when it denied his motion for an order compelling discovery and granted defendants' motion for a protective order. He asserts that had the court granted discovery, he could have obtained evidence to support his claims and to defeat qualified immunity. The court did not abuse its discretion when it denied Urias's motion, given that the defendants had raised a qualified immunity defense. *See Williamson v. United States Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987); *Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998). Moreover, evidence regarding the crux of Urias's claims—administrative lockdowns, including the lockdown in question—was evaluated by the district court. Furthermore, Urias fails to explain in his appellate brief how the information he sought would have specifically supported his claims or affected the district court's decision. Thus, he has not shown error in connection with the discovery rulings. *See Williamson*, 815 F.2d at 382.

Urias also contends that the district court erred when it denied his motion for appointed counsel, a decision we again review for abuse of discretion. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). A district court may appoint counsel for an indigent plaintiff asserting a claim under § 1983 if there are exceptional circumstances. *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir.

No. 10-40869

2006).  The record reflects that Urias was able to present his claims adequately in the district court without counsel; he filed numerous motions and documentary evidence.  The court did not abuse its discretion in denying appointed counsel.  *See Baranowski*, 486 F.3d at 126.

Urias argues that the district court held him to an unfair pleading standard.  Although he correctly asserts that *pro se* pleadings are held to less stringent standards, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), he has not shown that the court held him to the standards governing attorney-filed pleadings.

Urias maintains that defendants failed to offer competent summary judgment evidence.  The record reflects that they offered the following documents in support of summary judgment: (1) Texas Department of Criminal Justice's (TDCJ's) Administrative Directive regarding unit lockdowns; (2) Warden Hudson's affidavit, (3) Captain Tori Scott's affidavit (regarding food service during administrative lockdowns); and (4) TDCJ's Food Service Procedures Manual.  Thus, the defendants offered competent evidence in support of their summary judgment motion.  *See* FED. R. CIV. P. 56(c)(1), (4) (2010); *Love v. Nat'l Med. Enter.*, 230 F.3d 765, 775-76 (5th Cir. 2000) (discussing records kept in the regular course of business).  To the extent Urias is attempting to argue the merits of his claims, he fails to brief them.  Although *pro se* briefs are afforded liberal construction, *Haines*, 404 U.S. at 520, even *pro se* litigants must brief arguments to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Therefore, Urias's claims regarding the administrative lockdown are deemed abandoned.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.