**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

TERRY J. KUTCHER,

      Plaintiff-Appellant,

v.

ROBERT STONE, an individual,

      Defendant-Appellee,

and

JUNCTION DEVELOPMENT GROUP,
LLC, a Missouri limited liability
company; JUNCTION REAL ESTATE
GROUP, LLC, a Missouri limited
liability company; TRI-S PROPERTIES
& CONSTRUCTION, LLC, a Missouri
limited liability company; CARL
EDWARDS, LLC, a Missouri limited
liability company; DUBAS, LLC,
a Missouri limited liability company;
SANTINI AIR, LLC; CARL M.
EDWARDS, SR., an individual;
CURTIS HARDIN, an individual;
DAVID BABEL, an individual;
DALE NICHOLS, an individual;
CARL M. EDWARDS, II, JR.,
an individual; GLENDA HARDIN;
DOROTHY STONE, an individual;
TROY D. VANBRUNT, an individual,

      Defendants.

No. 13-6255
(D.C. No. 5:13-CV-00309-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Plaintiff Terry J. Kutcher, appearing pro se, appeals from the district court's order granting summary judgment to defendant Robert Stone on his breach of contract claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

In 2007, Mr. Kutcher and Mr. Stone formed Chisholm Trail Construction, LLC ("CTC") to develop real property in Missouri. CTC entered into a loan/line of credit agreement of a little more than $1,500,000 from First Capital Bank in Kingfisher, Oklahoma. Mr. Kutcher alleged that Mr. Stone withdrew more than $900,000 from the CTC account at First Capital Bank in 2007 and 2008 through numerous unauthorized written and computer-generated checks. In March 2013, Mr. Kutcher filed his pro se complaint against defendants in state court, alleging breach of contract, fraud, unjust enrichment, and money had and received. Defendants subsequently removed the case to federal court.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court dismissed all of the claims, except for Mr. Kutcher's claim against Mr. Stone for breach of contract. Mr. Stone then filed a motion for summary judgment, arguing that Mr. Kutcher's breach of contract claim either: (1) was barred by the statute of limitations; or (2) failed on the merits because Mr. Kutcher could not produce evidence of damages, considering that First Capital Bank had chosen to pursue Mr. Stone alone for repayment of the loan, and the district court had already granted summary judgment in favor of First Capital Bank in its suit against Mr. Stone. The district court declined to dismiss the breach of contract claim as time-barred, but it granted summary judgment in favor of Mr. Stone because Mr. Kutcher asserted that he had suffered damages without demonstrating any evidentiary support. Mr. Kutcher filed this appeal.

## II. Discussion

Mr. Kutcher argues on appeal that the district court improperly granted summary judgment to Mr. Stone on his breach of contract claim. "We review a district court's grant of summary judgment de novo." *SEC v. Thompson*, 732 F.3d 1151, 1156 (10th Cir. 2013). A district court should grant a summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In making that determination, a court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party." *Thompson*, 732 F.3d at 1156-57 (brackets omitted) (internal quotation marks omitted). But "bald assertions in briefs that there

are genuine issues of material fact are insufficient to merit reversal of summary judgment." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998). The non-moving party must "bring to the trial court's attention sufficient evidence to establish the essential element" of his claim challenged by the summary judgment motion. *Id.* at 677. Therefore, "although our review is de novo, we conduct that review from the perspective of the district court at the time it made its ruling, ordinarily limiting our review to the materials adequately brought to the attention of the district court by the parties." *Id.* at 671. Because Mr. Kutcher appears pro se, we construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

To prove a claim for breach of contract, Mr. Kutcher was required to prove "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). In his response to Mr. Stone's summary judgment motion, however, Mr. Kutcher merely asserted in a single sentence that he had "suffered damages in the amount greater than Seventy Five Thousand Dollars ($75,000.00) as a result of the fraudulent actions of . . . Stone." R. at 260. Although he attached seventy-two pages of exhibits to his response, *see id.* at 267-338, he made no reference to them to demonstrate to the district court that any of his exhibits showed that he suffered personal damages due to Mr. Stone's unauthorized withdrawals from CTC's account.

- 4 -

Under *Adler*, 144 F.3d at 671, we ordinarily would not consider Mr. Kutcher's references to his exhibits in his brief on appeal because he did not bring these materials to the district court's attention.  In any event, these references are insufficient to show that he personally suffered damages from Mr. Stone's actions.

Affirmed.

Entered for the Court


Monroe G. McKay
Circuit Judge