83,338-01

Cause No. W-95-52577-(A)

| | | |
|---|---|---|
| Cedric Jerome Boyd | § | IN THE 2nd JUDICIAL |
| | § | |
| TDCJ-ID #766603 | § | |
| | § | DISTRICT COURT OF |
| v. | § | |
| | § | |
| Gary Fitzsimmons | § | DALLAS COUNTY, TEXAS |
| In His Official Capacity | § | |
| -RESPONDENT- | § | |

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 22 2015
Abel Acosta, Clerk

## A. PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cedric Jerome Boyd, TDCJ-ID #766603, Relator, pro-se in the above styled and numbered and numbered cause of action and files this Original Application for Writ of Mandamus, pursuant to Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure, and would show the Court the following:

I.

### B. RELATOR

1.01 Cedric Jerome Boyd, TDCJ-ID #766603, is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro-se, who can be located at:

George Beto Unit

1391 FM 3328

Tennessee Colony

Anderson County, Texas, 75880

1.02 Relator has exhausted his remedies and has no other adequate remedy at law.

1.03 The act sought to be compelled is ministerial, not discretionary in nature. TCCP Art. 11.07 Section 3(c) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of the application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. No copy of the application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals as required by statute, Relator would have received notice from the Court of Criminal Appeals.

## II.

## C. RESPONDENT

2.01 Respondent, Gary Fitzsimmons, in his capacity as District Clerk of Dallas County, Texas has a ministerial duty to receive and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law puraunt to TCCP Art. 2.21, and is responsible under TCCP 11.07 Sec. 3(c) to immediately transmit to the Court of Criminal Appeals a copy of the application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made if the convicting court decides there are no issues to be resolved. Gary Fitzsimmons, District Clerk, Dallas County may be served at his place of business at Frank Crowley Court Building, 133 N. Riverfront, LB 12, Dallas, Texas, 75207.

## III.

## D. VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

3.01 The Respondent violated Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure by failng to provide a copy of the application for Writ of Habeas Corpus, any answers filed, and a certificate reciting

the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law, and within reasonable time from the date which the documents were requested to be transmitted.

3.02 Requests for the transmittal of the application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made by Relator to Gary Fitzsimmons, District Clerk, Dallas County, by certified mailed letter dated 03/23/2015; pursuant to Article 11.07 Section 3(c) of Texas Code of Criminal Procedure. True and accurate copies of the aforementioned letter is attached hereto as Exhibit "A", and is incorporated by reference herein for all purposes.

3.03 To date, Relator has received no response from Respondent regarding Relator's request for transmittal of a copy of the application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

3.04 As is clear from Relator letters, Relator has repeatedly put Respondent on notice that Relator seeks the transmittal of a copy of the application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals to act upon the Relator's Writ of Habeas Corpus. Relator has gone well beyond any requirements or obligations imposed upon him by the Texas Code of Criminal Proceedure. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure Article 11.07 Section 3(c), is acting in bad faith, and has failed to afford Relator the professional and common courtesy of any written response to his requests and correspondence.

3.05 Article 11.07 section 3(c) clearly that "[I]f the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding." Texas Code of Criminal Procedure Article 11.07 Sec. 3(c).

Respondent is in violation of this procedure, ministerial duties, and the laws of this state.

## IV.

### D. PRAYER FOR RELIEF

Wherefore, PREMISES CONSIDERED, Relator, Cedric Jerome Boyd, TDCJ-ID #766603, pro-se respectfully requests a finding that the Respondent did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested, and that the Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an Order directing Respondent to transmit a copy of the application for writ of Habeas Corpus, any answers filed, and a certificate reciting the date which finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure, and as requested in Relator letters (exhibit "A").

Respectfully submitted,

By: x_Cedric J. Boyd    # 766603_

Cedric Jerome Boyd
TDCJ-ID #766603
Relator

## LIBERAL CONSTRUCTION RULE

Respondent is merely a layman of the law, and ergo prays this honorable Court not bind him to demanding standards, but instead will pursue the truth and preserve the integrity of the law with respect to fairness for all involved.

Pro-se litigants are to be construed liberally, and thus held to a less demanding standard than formal pleadings by attorneys. The Court should liberally interpret pleadings by pro-se litigants despite failure to cite proper legal authority, confusion of legal theories, poor syntax, sentence construction, or litigant's unfamiliarity with pleading requirements. See: <u>Haines v. Kerner</u>, 404 U.S. 519, 30 L.Ed. 2d 652, 92 S.Ct. 594 (1972); <u>Evans v. Abbott</u>, 2003 WL 22207219; <u>Ramsey v. State</u>, 249 S.W. 3d 568 (2008); Texas Government Code § 312.006.

## CERTIFICATE OF SERVICE

I, Cedric Jerome Boyd, TDCJ-ID #766603, do hereby certify that a true and correct copy of this application for Writ of Mandamus was placed in the prison mailbox to be posted in the U.S. Mail on May 19, 2015, addressed to Gary Fitzsimmons, County Clerk, Dallas County, 133 N. Riverfront, LB 12, Dallas, Texas, 75207, for appropriate filing with the court.

x _Cedric J. Boyd #766603_
Cedric Jerome Boyd
TDCJ-ID #766603
George Beto Unit
1391 FM 3328
Tennessee Colony, Texas
Anderson County, 75880

EXHIBIT "A"

MARCH 23rd,2015

EX PARTE CEDRIC JEROME BOYD
TDCJ-ID.NO.766603
RE;W95-52577I(a)
DISTRICT COURT NO.2
DALLAS COUNTY,TEXAS


GARY FITZSIMMONS
DALLAS COUNTY DISTRICT CLERK
FRANK CROWLEY COURTS BUILDING
133 N.RIVERFRONT,CB 12
DALLAS,TEXAS, 75207-4313


MR. FITZSIMMONS,

THIS IS AN INFORMAL REQUEST,ASKING THE COURTS TO COMPLY WITH THE PROVISIONS OF ARTICLE 11.07 BY FORWARDING APPLICATION OF WRIT OF HABEAS CORPUS NO.W 95-52577I(a) TO THE TEXAS COURT OF CRIMINAL APPEALS.IF THE DISTRICT COURT CANNOT RESOLVE THE ISSUES THE SAID COURT ORDER DESIGNATED OCTOBER 26,2012.

I AM MAKING THIS REQUEST KNOWN TO THE DISTRICT CLERK OF DALLAS COUNTY,WITH GOOD FAITH AND HOPE THAT A WRIT OF MANDAMUS DOES NOT HAVE TO BE FILED.


RESPECTFULLY SUBMITTED,
CEDRIC BOYD

page 1 of 1.

(1).